09-1781-ag
Dong-Lin v. Holder

BIA
Abrams, IJ
A 094 924 328

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of March, two thousand ten.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge*,
 JOSEPH M. McLAUGHLIN,
 GERARD E. LYNCH,
  *Circuit Judges*.

_____

XIN DONG-LIN,
 *Petitioner*,

 v.                                    09-1781-ag
                                       NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
 *Respondent*.

_____

FOR PETITIONER:     Gary J. Yerman, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney
                    General; Leslie McKay, Assistant
                    Director; M. Jocelyn Lopez Wright,
                    Senior Litigation Counsel, Office of
                    Immigration Litigation, Washington
                    D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Dong-Lin, a native and citizen of China, seeks review of the April 15, 2009, order of the BIA affirming the February 8, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Dong-Lin*, No. A 094 924 328 (B.I.A. Apr. 15, 2009), *aff'g* No. A 094 924 328 (Immig. Ct. N.Y. City Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Dong-Lin does not challenge the IJ's finding that, although he alleged that a photograph of him practicing

2

Falun Gong was taken at a rally in Flushing, NY on June 11, 2007, he submitted the photograph at a hearing one week earlier, on June 5, 2007. Therefore, that finding stands as a valid basis for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Furthermore, in his brief to the BIA, Dong-Lin did not challenge: (1) the IJ's reliance on the record of his credible fear interview, the frequency of his Falun Gong practice, and his proficiency in Falun Gong in assessing his credibility; (2) the IJ's findings regarding his motivation for practicing Falun Gong in the United States; and (3) the IJ's finding that he failed to sufficiently corroborate his claim. Because the agency never had the opportunity to consider these specific arguments, we will not do so in the first instance. *See Theodoropoulos v. I.N.S.,* 358 F.3d 162, 171 (2d Cir. 2004); *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 123, 124 n.24 (2d Cir. 2007).

Dong-Lin argues that the IJ erred in finding that his testimony conflicted with that of his uncle regarding his Falun Gong practice in the United States. To the extent Dong-Lin argues that the inconsistencies "relate to very

3

minor details," under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Furthermore, Dong-Lin challenges only the IJ's finding that, although his uncle testified that Dong-Lin practices only in his bedroom, photographs showed him practicing in the living room. However, the IJ also found that Dong-Lin's testimony that he practiced Falun Gong at a park in Flushing, NY, on only two occasions, and did not otherwise practice outside his home, contradicted his uncle's testimony that he practiced at a park in Brooklyn. Dong-Lin does not challenge this finding in his brief. We further find, contrary to Dong-Lin's argument, that the IJ's demeanor finding was not erroneous. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Ultimately, the IJ's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, the IJ did not err in denying his application for asylum and

4

withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Dong-Lin has waived any challenge to the agency's denial of his claim for CAT relief by not sufficiently arguing that issue in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (finding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk